Radcliff, J.
The sole question presented for our consideration is whether there is a conflict between Ordinance 21-6-9 of the Toledo Municipal Code and Sections 4511.19 and 4511.99 (B), Revised Code.
Ordinance 21-6-9 was adopted in 1950 and contains the identical wording of Section 6307-19, General Code, a section of the Ohio Uniform Traffic Act, except for substitution of the word, “city,” for the word, “state.” That wording which has never been changed is as follows:
“(a) No person who is under the influence of intoxicating liquor or narcotic drugs, or opiates shall operate or be in actual physical control of any vehicle, streetcar or trackless trolley within this city.
“(b) Every person who is convicted of a violation of this section shall be punished by a fine of not more than five hundred dollars or imprisonment in the county or municipal jail for not more than six months, or both such fine and imprisonment.”
In the Recodification Act of 1953, Section 6307-19 (a), General Code, became Section 4511.19, Revised Code, and Section 6307-19 (b), General Code, became Section 4511.99 (B), Revised Code, without any substantial change.
However, effective October 21, 1953 (125 Ohio Laws, 461), Section 4511.19 was amended to delete physical control as a possible statutory offense, and Section 4511.99 (B) was amended to change the penalty so as to provide for a minimum of three days and to add the provision, under consideration here, that *373 no court shall suspend the first three days of the sentence. The sections now read:
4511.19 “No person who is under the influence of intoxicating liquor, narcotic drugs, or opiates shall operate any vehicle, streetcar, or trackless trolley within this state.”
4511.99 (B) “Whoever violates Section 4511.19 of the Revised Code shall be fined not more than five hundred dollars and imprisoned in the county jail or workhouse not less than three days nor more than six months and no court shall suspend the first three days of any sentence provided for under this section.” (Emphasis supplied.)-
The emphasized provision is the only distinction and difference between the ordinance of the city of Toledo and the statutes of the state of Ohio, other than the retention in the city ordinance of physical control as a possible offense and the deletion of physical control from the state statute.
From a reading of the present form of the two sections of the Revised Code, it is apparent that the state has departed from its original pronouncement defining the offense of driving while intoxicated and establishing the punishment therefor. We are all aware of the rights of a municipality under Section 3, Article XVIII, Ohio Constitution, whereby authority is given to municipalities to adopt and enforce police regulations as long as they are not in conflict with the general laws.
It is necessary to provide a little history in parenthetical form. There was a time during the fee-system operation of magistrates’ courts and in the long war between municipalities and law library associations that municipalities were required to have appropriate ordinances so that, in the event of a conviction, the magistrate might keep the costs and the municipality might keep the fine rather than sharing it with the law library association as was required in the event of a conviction under the state statute; and so that the costs in a conviction under the state statute would not find their way into the pockets of the magistrate but into the treasury of one of the political subdivisions of the state. The reasons and requirement no longer exist by virtue of the fact that justices of the peace were relegated to limbo and by virtue of the creation of Municipal Courts of county-wide jurisdiction and the abrogation of the right of *374 mayors to charge costs in criminal cases. The wort is now performed for salaries.
In the very well considered opinion of Judge Dudley F. Smith of the Court of Appeals, nearly all the authorities and precedents urged by both parties were sifted and sorted. That opinion might well be adopted by this court if it had included some reference to certain statutory enactments which we feel are controlling. Therefore, it is necessary to go a bit further than did Judge Smith. The criminal procedure of this state is governed by Title XXIX of the Revised Code. The procedure upon sentencing is governed by Sections 2947.05 to 2947.23, Revised Code.
Section 2947.10 reads as follows:
“Whenever it is provided that a person charged with a misdemeanor shall be punished by imprisonment and fine, said offender may be sentenced to be punished by such imprisonment without the fine, or by the fine without imprisonment. Whenever it is provided that said offender shall be punished by fine or imprisonment, the court may impose such fine and imprisonment.”
Section 2947.13 reads as follows:
“Any court sentencing a person for misdemeanor may, at the time of sentence, omit or suspend such sentence in whole or in part, upon such terms as the court may impose.”
These two statutes must be read in pari materia with all criminal statutes which define and prescribe the punishment for misdemeanors in this state. These sections control the procedure followed in administering the Uniform Traffic Act. The General Assembly in spite of its categorical requirement in Section 2947.13, Revised Code, recanted by saying that the court could not suspend the first three days of imprisonment for one certain offense. This is inconsistency carried to its ultimate conclusion of ridiculousness.
This court has said in no uncertain terms in the cases of City of Dayton v. Miller, 154 Ohio St., 500, and City of Columbus v. Barr, 160 Ohio St., 209, that, where municipal ordinances are analogous to state statutes in all except punishment or are analogous except as to the omission of one element of an offense, these differences do not amount to a conflict with the general *375 law of the state of Ohio. In the present case, although the city of Toledo has remained constant and the General Assembly has vacillated, we feel this vacillation is not to a degree which causes a conflict between the statutes and ordinance here involved. See, also, Greenburg v. City of Cleveland, 98 Ohio St., 282, and Village of Struthers v. Sokol, 108 Ohio St., 263.
We feel that the pronouncement of this court in the case of City of Cleveland v. Betts, 168 Ohio St., 386, has no application to the cause or factual situation we are now considering. In the Betts case there was no question about the conflict. It was obvious and apparent. In the instant case, there is no conflict, especially in view of the two aforequoted sections of Title XXIX of the Revised Code, and the final clinching argument is the result reached in the Municipal Court. The sentence imposed by the Municipal Court was imprisonment for three days, assessment of the costs of $81 and suspension of driving rights. Had the defendant been charged under the state statute in its present form, he could have received the identical sentence imposed by the Municipal Court under the municipal ordinance.
In view of the foregoing, we hold that there is no conflict between Ordinance 21-6-9 of the Toledo Municipal Code and Sections 4511.19 and 4511.99 (B), Revised Code.
The judgment of the Court of Appeals is hereby affirmed.

Judgment affirmed.

Weyganbt, C. J., Zimmerman, Taet, Matthias, Bell and O’Neill, JJ., concur.
Rabcliee, J., of the Fourth Appellate District, sitting by designation in the place and stead of Herbert, J.